Filed 9/3/14  State Compensation Ins. Fund v. De Leon CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STATE COMPENSATION INSURANCE FUND, | B250854 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC444757) |
| v. | |
| FRANCISCO D. DE LEON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Teresa Sanchez-Gordon, Judge.  Reversed and remanded.

Law Offices of Robert D. Coppola, Jr., and Robert D. Coppola, Jr. for Defendant and Appellant.

Linda S. Platisha, Staff Counsel; Horvitz & Levy, Mitchell C. Tilner and Jean M. Doherty for Plaintiff and Respondent.

_____

State Compensation Insurance Fund (hereafter State Fund) filed an action against F.D. De Leon & Associates, Inc., FDDA Incorporated, and Francisco D. De Leon, naming all three defendants in causes of action for breach of written contract and fraud by affirmative misrepresentation and concealment of fact.[1]  State Fund filed a motion for summary judgment or, in the alternative, summary adjudication of issues.  The notice of motion did not expressly identify any particular defendant or any issue to be adjudicated.  However, in the "Conclusion" section of its memorandum of points and authorities in support of its motion, State Fund requested "that a judgment be entered against DeLeon, individually, for fraud[,] and against [F.D. De Leon & Associates, Inc. and FDDA Incorporated], joint and severally for $1.5 million."  The trial court granted State Fund's motion for summary judgment, and entered a judgment awarding $1.5 million to State Fund "from defendants Francisco D. DeLeon, individually, and F.D. DeLeon & Associates[, Inc.] and FDDA Incorporated . . . ."

Francisco D. De Leon, in his capacity as an individual defendant, filed an appeal.  We reverse the judgment insofar as it awards relief against Francisco D. De Leon.

## FACTS

### *The Contract*

State Fund is a public enterprise fund which provides workers' compensation insurance to employers.  (See Ins. Code, § 11770 et seq.)  F.D. De Leon Associates, Inc. acted as a collection agency for the State Fund.  Francisco D. De Leon allegedly is an officer of F.D. De Leon Associates, Inc.[2]

---

[1]    The complaint also alleged causes of action for equitable accounting, alter ego theory, and for civil conspiracy, which are actually more remedies than causes of action.

[2]    We deliberately state "allegedly is an officer" because there is no *evidence* in the record (e.g., by way of an admission in an answer, or by any deposition testimony, or by any proper reference to an officially filed corporate record) that Francisco D. DeLeon is, in fact, an officer of F.D. DeLeon Associates, Inc.  The only "showing" that we see in the record that Francisco D. DeLeon is an officer of F.D. DeLeon Associates, Inc is an allegation to that effect in State Fund's complaint.  This is not merely a matter of the rule that, " 'if it is not set forth in the separate statement, it does not exist' " (see *United*

2

State Fund and F.D. De Leon & Associates, Inc. entered into a written Master Service Agreement (MSA).  Under the terms of the MSA, F.D. De Leon & Associates, Inc. agreed to collect and remit to State Fund outstanding premiums owed to State Fund by former policyholders under workers' compensation policies that had been cancelled. In more colloquial terms, State Fund hired F.D. De Leon & Associates, Inc. to collect past due debts on behalf of State Fund.  The MSA required F.D. De Leon & Associates, Inc. to deposit payments that it collected into a trust account, and, once a payment "cleared the banking system," to remit the payment to State Fund on the first week of the following month.  The MSA required each remittance to include a statement indentifying the policy account upon which payment had been collected, the commission due to F.D. De Leon & Associates, Inc. (calculated pursuant to a prescribed commission fee schedule) and the "amount due to State Fund."

When F.D. De Leon & Associates, Inc. remitted a payment and the accompanying collection statement as required under the MSA, a State Fund employee in the billing and collections department would reconcile the account.  The actual check received from F.D. & Associates, Inc. would be sent to State Fund's "Cash Receipts Unit," where it would be applied to the policyholder's account.  The full amount of the payment that F.D. De Leon & Associates, Inc. collected from a policyholder would be noted in a "Collection Inquiry Report" prepared for each policyholder.

The MSA required F.D. De Leon & Associates, Inc. to "maintain its customary form of records, including . . . records reasonably required to (i) compute and verify the amount of any collection fees billed to State Fund by [F.D. De Leon & Associates, Inc.] . . . and (ii) confirm compliance of [F.D. De Leon & Associates, Inc]'s obligations contained in [the MSA]."  In addition, the MSA required F.D. De Leon & Associates, Inc. to "permit State Fund to inspect [F.D. De Leon & Associates, Inc.]'s records at [its] usual place of business and/or at the authorized subcontractor's usual place of business  . . . for the purpose of verifying the amounts payable to [F.F. De Leon &

_Community Church v. Garcin_ (1991) 231 Cal.App.3d 327, 337); this is a matter of there being no evidence in the record to support an alleged fact.

3

Associates, Inc.] . . . and confirming [F.D. De Leon & Associates, Inc.]'s compliance with [the MSA]." Further, the MSA provided that F.D. De Leon & Associates, Inc.'s services were "subject to inspection and examination by State Fund, at State Fund's expense, at all reasonable times and places during the term of [the MSA]."

### State Fund's Investigation

In July 2010, "it was brought to [the] attention" of State Fund's program manager of credit and collections, Elizabeth Redican, that a former State Fund policyholder by the name of RDF Production Builders had delivered a $275,000 check "to DeLeon [*sic*]" in October 2007 as payment for outstanding premiums owed to State Fund. A copy of this check was attached as an exhibit to Redican's declaration; the check was made payable to both State Fund and "F.D. DeLeon & Associates." A stamped endorsement on the back of the check states "For deposit only F.D. De Leon & Associates, Inc. Client Trust Account," at a bank in Encino. According to Redican, the check promptly "cleared DeLeon's account [*sic*]." We assume Redican meant to state that RDF's bank honored its customer's check, and forwarded payment to the F.D. De Leon & Associates, Inc. Client Trust Account at the Encino bank. Further, Redican stated that she "could find no record of State Fund receiving this payment from DeLeon [*sic*]." Redican then "made repeated attempts over an extended period of time to contact DeLeon [*sic*] for an explanation." She "never received any explanation concerning this check from DeLeon [*sic*]."[3]

After Redican discovered there was no record of RDF's payment being received by State Fund, she initiated an internal audit. Redican "determined that many former State Fund policyholders had sent money to DeLeon [*sic*] for past due premium[s] and that DeLeon [*sic*] had failed to remit the money collected to State Fund." According to

---

[3] The facts in this paragraph and in the following paragraph come from Redican's declaration in support of State Fund's motion for summary judgment or summary adjudication of issues. We have highlighted Redican's repeated references to "DeLeon" to note that the facts recounted by Redican do not attempt to distinguish between any of the three named defendants in State Fund's complaint, i.e., F.D. De Leon & Associates, Inc., FDDA Incorporated, and Francisco D. De Leon.

4

Redican, "DeLeon [*sic*] received at least 34 additional checks from former State Fund policyholders where no money was ever remitted to State Fund."  Copies of checks from multiple State Fund clients, usually made payable to State Fund, were attached as exhibits to Redican's declaration; each of these checks, as with the RDF check discussed above, included a stamped endorsement on the back of the check which stated "For deposit only F.D. De Leon & Associates, Inc. Client Trust Account," at a bank in Encino.  Again, Redican could find no record that any part of these payments had been remitted to State Fund.  Redican ultimately determined "that at a minimum $1.5 million dollars was collected by DeLeon [*sic*] and never remitted to State Fund."  Redican stated she would "not be able to determine exactly how much was misappropriated unless and until State Fund has access to DeLeon's [*sic*] computers and is able to conduct a forensic accounting."

*The Litigation*

In August 2010, State Fund filed a complaint against F.D. De Leon & Associates, Inc., alleging causes of action for breach of written contract and fraud by affirmative misrepresentation and concealment of fact.  State Fund's complaint alleged that the failure of F.D. De Leon & Associates, Inc. to remit payments to State Fund constituted a breach of the parties' MSA, and that failure to remit payments was accompanied with the intent to defraud, which included presenting false monthly reports of the amount of collections.  State Fund's complaint also named FDDA Incorporated, as an alleged "sister company" or "successor-in-interest" to F.D. De Leon & Associates, Inc., in both causes of action.  State Fund's complaint also named Francisco D. De Leon, individually, as an alleged "officer" of F.D. De Leon & Associates, Inc., in both causes of action.  As to Francisco D. De Leon, individually, the complaint does not allege any specific misstatement of fact out of his mouth, or concealment of fact by him personally; the

5

complaint broadly alleged "all defendants" defrauded State Fund. The complaint alleged "alter ego theory" as to Francisco D. De Leon.[4]

In March 2011, F.D. DeLeon & Associates, Inc., FDDA Incorporated, and Francisco D. De Leon filed a joint answer to State Fund's complaint, generally denying all of the allegations in the pleading.[5]

In January 2013, State Fund filed a motion for summary judgment, or, in the alternative, summary adjudication of issues. The notice of motion did not identify toward which of the three named defendants, i.e., F.D. De Leon & Associates, Inc., FDDA Incorporated, and Francisco D. De Leon, the motion was actually directed. The alternative motion for summary adjudication of issues did not expressly state what issues it was that State Fund wanted to be adjudicated.

State Fund's memorandum of points and authorities in support of its motion contained four pages of argument within which the following argument headings are found: "DeLeon [*sic*] fraudulently failed to remit money due to State Fund;" "DeLeon has breached the contract he signed on behalf of F.D. DeLeon and Associates, Inc.;" and "Summary judgment is appropriate as to F.D. DeLeon & Associates, FDDA Inc. and the filed cross-complaint." State Fund's arguments were somewhat vague in referring only to "DeLeon." In the "Conclusion" of its memorandum of points and authorities, State Fund asked the trial court "that a judgment be entered against DeLeon, individually for

---

[4]    State Fund's complaint included separate causes of action for "civil conspiracy" and "alter ego" alleging that Francisco D. De Leon was individually liable for the breach of contract and fraud committed by F.D. Associates, Inc. We note there is no cause of action for civil conspiracy or for alter ego. Instead, they are legal theories for imposing liability on defendants for acts ostensibly committed by a business entity.

[5]    F.D. De Leon & Associates, Inc., alone, filed a cross-complaint alleging several contract-related causes of action against State Fund. The thrust of the cross-complaint alleged that State Fund had failed to pay F.D. De Leon & Associates, Inc. for collection successes obtained by F.D. De Leon & Associates, Inc. At the time of State Fund's motion for summary judgment, State Fund presented evidence (a reference to the Secretary of State's website) showing that F.D. De Leon & Associates, Inc. was a suspended corporation. Based on this evidence, such as it was, State Farm argued that F.D. De Leon & Associates, Inc. could not pursue its cross-complaint.

6

fraud, and against [F.D. De Leon & Associates, Inc. and FDDA Incorporated], joint and severally for $1.5 million."

State Fund's separate statement includes facts continued the agency's vague use of "De Leon" without differentiating among the named corporate defendants and Francisco D. De Leon the individual. Generously construed, the separate statement included facts that certain State Fund clients delivered premium payments "to DeLeon," and that State Fund had not received money "from De Leon" in kind. There are no facts within State Fund's separate statement concerning who owned F.D. De Leon & Associates, Inc., or who its officers were, although Elizabeth Redican's declaration (*ante*) underlying State Fund's separate statement included an averment that F.D. De Leon & Associates, Inc. is owned by Francisco D. De Leon.

No defendant filed opposition to State Fund's motion, but Francisco De Leon, in his capacity as an individual defendant, filed objections to certain evidence presented in State Fund's motion. For example, Francisco D. De Leon objected that the averment in Elizabeth Redican's declaration that he owned F.D. De Leon & Associates, Inc. lacked personal knowledge. Francisco D. De Leon also objected that information regarding which of State Fund's clients had made payments "to DeLeon" were hearsay.

At a hearing on May 20, 2013, the trial court heard State Fund's motion. At the very outset of the hearing, the trial court indicated its ruling as follows: "[T]he plaintiff's motion for summary judgment is granted on the grounds that . . . defendant failed to remit money to plaintiff, breaching the contract." In response to the court's ruling, counsel for Francisco D. De Leon stated he wanted to address the summary judgment motion "in regards to Frank De Leon as an individual." Counsel noted that the MSA (*ante*) included the following express provision: "[F.D. De Leon & Associates, Inc.] and State Fund intend that this agreement shall not benefit or create any right or cause of action in, against, or on behalf of any person or entity other than the parties." Counsel argued that State Fund could not win summary judgment against Francisco D. De Leon based on the MSA. In response, State Fund's counsel explained the scope of the agency's motion as follows: "Your Honor, we only sought summary adjudication against the corporation for

7

breach of contract. Mr. De Leon was summary adjudication for fraud." The trial court expressly referred to the "defendant corporation," on more than one occasion during the hearing. In the end, the trial court stated that the evidentiary objections filed by the "defendant" could not be considered because while "defendant is a suspended corporation," and that, as a suspended corporation, "it" could not defend the action. Ultimately, the trial court granted summary judgment on the basis the corporation was suspended. The court overruled the evidentiary objections filed by Francisco De Leon, again stating the same ground that the defendant corporation was suspended. The trial court's minute order is in accord with its statements during the hearing; it reads as follows:

> "Plaintiff's motion for summary judgment is granted on the grounds that there is no triable issue of fact that defendant failed to remit money to plaintiff breaching the contract."

On June 18, 2013, the trial court signed and entered a judgment prepared by State Fund's lawyers. The judgment, in its entirety, reads as follows:

> "On May 20, 2013, the Court ruled on [State Fund's] Motion for Summary Judgment or in the Alternative Summary Adjudication. The Court granted State Fund's Motion in its entirety and found that Francisco DeLeon, an individual, had defrauded State Fund and that F.D. DeLeon & Associates[, Inc.] and FDDA Incorporated are suspended corporations which may not either defend themselves nor bring an affirmative action and as such, are also liable to State Fund for damages for breach of contract.
>
> "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that [State Fund] shall recover from defendants Francisco D. DeLeon, individually, and F.D. DeLeon & Associates[, Inc.] and FDDA Incorporated the principal sum of $1,500,000.00."

Francisco D. De Leon, in his capacity as an individual defendant, filed a timely notice of appeal.

8

## DISCUSSION

### I. Framework

Summary judgment is proper where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) When a plaintiff files a motion for summary judgment, the burden is on the plaintiff to present admissible evidence on each element of his or her "cause of action" against the defendant, thus entitling the plaintiff to judgment. (Code Civ. Proc., § 437c, subd. (p)(1); and see, e.g., *S.B.C.C., Inc. v. St. Paul Fire & Marine Ins. Co.* (2010) 186 Cal.App.4th 383, 388.)

We review a grant of summary judgment de novo, considering all of the evidence in the supporting and opposition papers, except that to which objections have been made and sustained by the court, and all inferences that are reasonably deducible from the evidence and uncontradicted. (*Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 612.) "In independently reviewing a motion for summary judgment, we apply the same three-step analysis used by the superior court. We identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue." (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261.) We independently decide whether the undisputed facts warrant judgment for the moving party as a matter of law. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)

### II. Fraud

Francisco D. De Leon contends the judgment against him as an individual defendant must be reversed because State Fund failed to meet its initial evidentiary burden on its motion for summary judgment to show that he was liable on State Fund's cause of action for fraud. We agree.

The elements of fraud are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) State Fund's complaint alleged a cause of action for fraud against "all defendants."

9

Turning first to the pleadings, State Fund's fraud cause of action was premised on an amalgam of claims of misrepresentation of fact, and concealment of fact, based on the following allegations:

"All Defendants intentionally concealed, failed to disclose and/or materially misrepresented the amount of money collected on behalf of State Fund and deliberately falsified the monthly reports sent to State Fund, particularly the gross amount collected, and [mis]represented to State Fund that the reports were true and accurate knowing that the reports were inaccurate. The Defendants did this with the intent of inducing State Fund to believe that the gross amount collected was less than what was actually collected from the accounts State Fund assigned to [F.D. De Leon & Associates, Inc.]."

"Defendants had a legal duty to fully and accurately remit all funds due to State Fund and to accurately report all checks received. Defendants also had a legal duty to make sure all checks were placed in the designated State Fund trust account that Defendants maintained for State Fund's benefit. Defendants actively concealed the amount of money received and due State Fund and misappropriated money due to State Fund for their own benefit."

*Analysis*

Francisco D. De Leon argues on appeal that State Fund's motion failed to present any evidence showing that he personally made any misrepresentation or concealed any fact. We agree.

As noted above, State Fund's motion for summary judgment was supported by a separate statement of undisputed fact and a memorandum of points and authorities that did not distinctly differentiate between "De Leon" as a corporate entity with which State Fund had contracted and "De Leon" an individual who was not actually shown to control the corporate entity. As the trial court appreciated, State Fund's motion for summary judgment showed that De Leon the corporate entity breached the parties' contract when it did not remit money owed to State Fund. But this did not prove fraud by De Leon the corporate entity, and did not prove fraud by De Leon the individual who may or may not have had control of the corporate entity. In short, State Fund's evidence did not show

10

who, specifically, made any representation or did any act constituting fraud against State Fund. State Fund's evidence failed to show that Francisco D. De Leon, individually and personally, collected payments, or that he personally was responsible for the non-remittances or that he personally submitted reports which fraudulently understated the amount of payments recovered on behalf of State Fund. Given the contextual setting of the contract relationship giving rise to all of State Fund's causes of action, i.e., the contract with F.D. De Leon & Associates, Inc., State Fund's repeated and bald references to "DeLeon" in its motion must be construed under the summary judgment statute to refer only to F.D. De Leon & Associates, Inc. The documentary evidence (the exhibits in the forms of checks and reports attached to Redican's declaration) are also consistent with showing actions taken by F.D. De Leon & Associates, Inc., not Francisco D. De Leon in an individual capacity.

We have reviewed State Fund's motion, and do not see any actual evidence that Francisco D. De Leon made any representation to State Fund, or did any fraudulent act as to State Fund. If an officer or employee or agent of F.D. De Leon & Associates, Inc. did a fraudulent act in the course and scope of their employee or agent role, then F.D. De Leon & Associates, Inc. could be liable for fraud. Also, if Francisco D. De Leon, the individual, personally made any misrepresentation, or ratified a misrepresentation of another, or personally committed a fraudulent act, or if he ratified, in his role as an officer of the corporation, some fraudulent representation or act of another, then Francisco D. De Leon could be liable, individually. But, there simply is no evidence showing that Francisco D. De Leon, individually, did anything. We do not suggest that State Fund cannot establish its case against Francisco D. De Leon, only that its summary judgment motion here did not do so.

### III. Breach of Contract

Francisco D. De Leon next contends the judgment against him must be reversed because State Fund did not meet its initial burden on its motion for summary judgment to show that he was liable on State Fund's cause of action for breach of contract. Ignoring that State Fund's counsel made an express representation at the hearing on State Fund's motion that the agency was not seeking a finding of liability against Francisco D. De Leon for breach of contract, again, we agree with Francisco D. De Leon's argument on appeal. Also, the judgment does not seem to be based on contract liability as to De Leon the individual.

An exegetic discussion is unnecessary. Although State Fund alleged a cause of action for breach of contract "against all defendants," the only contract which was the subject of State Fund's pleading was the MSA between State Fund and F.D. De Leon & Associates, Inc., a copy of which State Fund attached to its pleading. Because State Fund had no contract with Francisco D. De Leon as an individual, he can have no liability to State Fund for breach of contract, except, perhaps by a showing that Francisco D. De Leon was the alter ego of F.D. De Leon & Associates, Inc. The problem is that State Fund's motion did not include any evidence on its allegation of alter ego liability.

State Fund's argument that Francisco D. De Leon "lacks standing" to appeal the judgment as to State Fund's cause of action for breach of contract is troubling on two fronts. First, State Fund's position that the judgment entered against Francisco D. De Leon does not reflect liability on State Fund's cause of action for breach of contract against F.D. De Leon & Associates, Inc., with an alter ego finding, but only for fraud directly committed by Francisco D. De Leon, individually, would mean that the trial court did not find in favor of State Fund on all of the causes of action that State Fund alleged against Francisco D. De Leon. Second, as we explained above, State Fund's motion did not in any event prove fraud liability on the part of Francisco D. De Leon individually.

## IV.    Alter Ego Liability

Francisco D. De Leon contends the judgment against him as an individual defendant must be reversed because State Fund did not meet its initial burden on its motion for summary judgment to show that he was liable on State Fund's complaint as the alter ego of F.D. De Leon & Associates, Inc.  Assuming liability were predicated on an alter ego theory  -- a position which State Fund refutes on appeal -- we agree.

State Fund's motion for summary judgment did not present any evidence of which would support "piercing the corporate veil" under the alter ego doctrine such that Francisco D. De Leon may be held liable based on the liability of F.D. De Leon & Associates, Inc. for fraud or breach of contract.

State Fund's response on appeal that the judgment did not affix liability based on the alter ego theory, but on Francisco D. De Leon's personal liability for fraud, is not persuasive for the reasons explained above.

## V.    Evidentiary Rulings

Because we have found that the summary judgment in favor of State Fund as to Francisco D. De Leon, individually, must be reversed for other reasons, we need not reach Francisco D. De Leon's argument that the trial court abused its discretion in overruling his evidentiary objections to certain evidence presented in State Fund's motion for summary judgment.  We note only that a defendant corporation's suspended status does not, in and of itself, necessarily act as a bar to a separately named, individual defendant's evidentiary objections.

## DISPOSITION

The judgment is reversed insofar as it awards relief against Francisco D. De Leon, individually.  The case is remanded to the trial court with directions to enter an order denying State Fund's motion for summary judgment, and its alternative motion for summary adjudication of issues, as to Francisco D. De Leon, individually, and to set State Fund's complaint against Francisco D. De Leon, individually, on track for a jury or court trial.  Conjointly or in the alternative, because a judgment has been entered against F.D. De Leon & Associates, Inc., and because that judgment is now final, State Fund may, if it

13

so chooses, pursue its claim for alter ego liability against Francisco D. De Leon, an issue for which a jury trial is not required.  (See *Dow Jones Co. v. Avenel* (1984) 151 Cal.App.3d 144, 147-148.)  Appellant is awarded costs on appeal.


                                        BIGELOW, P.J.

We concur:


        FLIER, J.


        GRIMES, J.